**Jackelin Antonia GUERRERO-HERNANDEZ; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70463.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 22, 2010.

*See* Fed. R.App. P. 34(a)(2).

Brenda Carolina Diaz, Esquire, Phung Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioners.

Pegah Vakili, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Jackelin Antonia Guerrero–Hernandez and her son, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's legal conclusions and review for substantial evidence factual findings. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir.2009). We deny the petition for review.

█ Guerrero–Hernandez does not challenge the BIA's rejection of her proposed social group. Substantial evidence supports the BIA's determination that Guerrero–Hernandez failed to establish the extortion demands and threats from gang members were on account of a protected ground. *See id.* at 856 (evidence supported conclusion that gang victimized the petitioner for economic and personal reasons rather than on account of a protected ground); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, because Guerrero–Hernandez failed to demonstrate she was persecuted or fears persecution on account of a protected ground, we deny the petition as to petitioners' asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

█ Substantial evidence also supports the agency's denial of CAT relief because petitioners did not establish a likelihood of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

being tortured in El Salvador. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 747–48 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.